

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Roland Boyd
County Attorney
Collin County
McKinney, Texas

Dear Sir:

Opinion No. O-3507
Re: Does Article 242, Penal Code,
apply to the facts submitted,
or was it only intended to
cover taking a paper with the
names of candidates written
thereon to the polls?

From your letter requesting our opinion, we quote
the following:

". . . On April 5th, 1941, the Celina Inde-
pendent School District was holding their annual
trustee election. A party who was not a candidate
went to the home of a voter and left with him a
small slip of paper which had written on it the
last names of three candidates for trustees.
These three candidates were running against three
of the incumbents who were up for re-election.
Some statement was made relative to those three
candidates being the ones that he wanted to be
elected. Later on that day before the man who
received the paper had come to the polls, the
president of the school board saw him and also
the paper, and after a statement was made that
to have such a paper was a violation of the law,
the party who had received the same destroyed it.

"The question is, 'Does article 242 of the
Penal Code apply to this set of facts or was it
only intended to cover taking such a paper to
the polls?' . . ."

Article 242, Penal Code reads as follows:

"Any judge may require a citizen to answer
under oath before he secures an official ballot

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

whether he has been furnished with any paper or
ballot on which is marked the names of any one
for whom he has agreed to vote, or for whom he
has been requested to vote, or has such paper or
marked ballot in his possession, and he shall not
be furnished with an official ballot until he has
delivered to the judge such marked paper or ballot,
if he has one. Any person who gives, receives or
secures or is interested in giving or receiving
an official ballot or any paper whatever, on which
is marked, printed or written the name of any per-
son for whom he has agreed to vote, or for whom
he has been requested to vote, or has such paper
marked, written or printed in his possession as
a guide by which he could make out his ticket,
shall be fined not less than one hundred nor more
than five hundred dollars, and be confined in jail
thirty days. Sec. 70, p. 536, Acts 1905."

We think it obvious that the above statute was not
violated under the state of facts you submit. It is apparent
to us that the restriction imposed goes only to the use of
dummy ballots or papers at the polls. Any other construction
would be violative of the Constitution of Texas, Article 1,
Section 8, reading in part as follows:

"Every person shall be at liberty to speak,
write or publish his opinions on any subject, be-
ing responsible for the abuse of that privilege;
and no law shall ever be passed curtailing the
liberty of speech or of the press. . . ."

Trusting the above satisfactorily answers your in-
quiry, we are

APPROVED MAY 14, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Benjamin Woodall
Assistant

BW:mp


APPROVED
OPINION
COMMITTEE
BY_____
CHAIRMAN